**Hubert FERRIER, Petitioner–Appellant,**

**v.**

**Jack R. DUCKWORTH and Indiana Attorney General, Respondents–Appellees.**

No. 89–1104.

United States Court of Appeals, Seventh Circuit.

Submitted March 30, 1990.

Decided May 10, 1990.

Rehearing Denied July 10, 1990.

Hubert Ferrier, Indiana State Prison, Michigan City, Ind., pro se.

Kimberlie A. Forgey, Deputy Atty. Gen., Indianapolis, Ind., for Jack R. Duckworth.

Kimberlie A. Forgey, Deputy Atty. Gen., for Attorney General of State of Indiana.

Before CUMMINGS and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

Hubert Ferrier was sentenced to life imprisonment for murder, and after exhausting his state remedies in *Ferrier v. State,* 266 Ind. 117, 361 N.E.2d 150 (1977), 274 Ind. 585, 413 N.E.2d 260 (1980), 514 N.E.2d 285 (Ind.1987), sought federal habeas corpus. His appeal raises two issues that merit discussion, the first involving the "excited utterance" exception to the hearsay rule.

Ferrier had an argument in a bar over a woman, and left to get his shotgun. Accompanied by his brother and a fifteen-year-old friend, Stanley Ricketts, Ferrier fetched the shotgun and shells, loaded the gun, and returned to the bar, parking in its parking lot. Carrying the gun and accompanied by his brother, Ferrier entered the bar and shot dead the man with whom he had had the argument. Ricketts, who had remained outside, had told a woman who was standing across the street from the bar that there was about to be a shooting, and a few seconds later she heard the shot. She was permitted to testify to what Ricketts had told her. Ferrier argues that this ruling denied him his constitutional right to be allowed to confront the witnesses against him. Ricketts did not testify; why, we do not know. He was not prosecuted for his role in the events leading up to the murder.

Since Ricketts was not a witness against Ferrier, there was no violation of the confrontation clause in a literal sense, as there had been in *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). The clause has also, however, been interpreted to place limits on a prosecutor's use of hearsay evidence. Exactly what those limits are is unclear. *Nelson v. Farrey,* 874 F.2d 1222, 1227–28 (7th Cir.1989). Possibly they are no stricter than the limits imposed by the due process clause on the use of unreliable evidence, for we have said that the confrontation clause in its nonliteral sense should be understood "to forbid the admission of hearsay evidence so likely to be unreliable that it threatens a miscarriage of justice." *Id.* at 1228. One supposes the admission of such evidence would also raise profound questions under the due process clause. No matter. The hearsay rule is designed to prevent the admission of unreliable hearsay but to permit through its many exceptions the admission of reliable hearsay. The rule has its critics, of course; but in its present form it is the product of careful elaboration and critique; its settled exceptions are unlikely to

violate any clause of the Constitution. *Smith v. Fairman,* 862 F.2d 630, 636 (7th Cir.1988).

The exception to the hearsay rule for the "excited utterance" or "spontaneous exclamation"—"a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition," Fed.R.Evid. 803(2)—is one of the settled exceptions. The thinking behind it is that lying is deliberate, and a person who is under stress induced by a startling occurrence cannot deliberate; so the fact that the statement he blurted out in these circumstances was not made under oath does not detract substantially from its truthfulness. 6 Wigmore, Evidence § 1747, at p. 195 (Chadbourn ed. 1976). This reasoning may give too much weight to the oath, whose terrors have diminished in this secular age, and ignores the possibility that stress may induce inaccurate, even if sincere, utterances. Goldman, *Not So "Firmly Rooted": Exceptions to the Confrontation Clause,* 66 N.Car.L.Rev. 1, 31 (1987). But this is just to say that the excited utterance may not be as reliable a form of hearsay as some have thought. It does not follow, and we decline to hold, that the confrontation clause makes all excited utterances inadmissible, unless perhaps the maker is available for cross-examination. The confrontation clause is not a proper vehicle for revolutionizing the law of evidence.

Whether Ricketts' statement to the bystander *was* an excited utterance is of secondary importance. The confrontation clause does not enact the hearsay rule, and therefore an error in the application of the rule is not automatically a violation of the clause. *California v. Green,* 399 U.S. 149, 156, 90 S.Ct. 1930, 1934, 26 L.Ed.2d 489 (1970). A particularly gross error in the application of the rule or a cascade of such errors that transformed the defendant's trial into one in which the only witnesses were policemen, prosecutors, and informants—so that the trial resembled the trial by affidavit that it was the particular historical purpose of the confrontation clause to end, *Dutton v. Evans,* 400 U.S. 74, 94, 91 S.Ct. 210, 222, 27 L.Ed.2d 213 (1970) (Harlan, J., concurring); *Nelson v. Farrey, supra,* 874 F.2d at 1227–28—would violate the clause; but here there was no error at all, let alone a gross one. To know that a murder is about to take place (without being the murderer or his accomplice) is properly startling, and statements blurted out under the stress of such knowledge are unlikely to be fabricated. The rationale of the excited-utterance exception is therefore applicable. And the statement in this case was in fact validated by what occurred seconds later.

The other issue that merits mention concerns the introduction of photographs of the floor of the bar after the murder. The photographs, in color and enlarged to twelve square feet, showed the victim's blood. Blood was not relevant to any issue in the case. The killing was not denied; the only issues were whether Ferrier had been drunk or insane when he did the killing. Those issues were not illuminated by the photographs. The only conceivable reason for placing them in evidence was to inflame the jury against Ferrier.

The due process clause guarantees a criminal defendant faced with the prospect of being deprived of life, liberty, or property the right to a fair trial. A trial in which the prosecution uses irrelevant evidence to enrage the jury against the defendant may seem the quintessence of an unfair trial, but the legal concept of fairness includes consideration of result and desert as well as of procedural regularity, and therefore only if the evidence is "prejudicial," in the sense of likely to lead to the conviction of an innocent person, is the defendant entitled to a new trial. *Dudley v. Duckworth,* 854 F.2d 967, 970 (7th Cir. 1988), and cases cited there. This evidence was not prejudicial in that sense, if only because the defendant mysteriously failed to object—and continues not to object—to the introduction into evidence of even more lurid and disgusting photographs: those of the corpse and the wound. The incremental effect of the photographs of the blood-bespattered floor could not have been sig-

nificant. The error in their admission, although inexcusable, was harmless.

 There are limitations to the doctrine of harmless error, or stated otherwise to the proposition that probable guilt is relevant in determining whether due process has been denied. A state is not allowed to dispense with the rudiments of civilized procedure on the ground—however demonstrable—that the defendant is guilty. The logic of such a doctrine would end in the lynch mob. *Walberg v. Israel,* 766 F.2d 1071, 1074 (7th Cir.1985). We are far short of that here, however. The trial was unseemly but the principal objection to the prosecutor's conduct has been waived and the remaining objection does not justify our concluding that the defendant is in custody in violation of the United States Constitution. 28 U.S.C. § 2254(a).

We have examined the other grounds for reversal presented by the appeal and they are also without merit.

AFFIRMED.