UNITED STATES of America, Plaintiff,

v.

**Milton CAMPBELL, Defendant.**

**No. 91 CR 388.**

United States District Court,
N.D. Illinois, E.D.

Dec. 5, 1991.

Fred Foreman, U.S. Atty., Jerome N. Krulewitch, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

William Hedrick, Skokie, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ILANA DIAMOND ROVNER, District Judge.

### I. INTRODUCTION

Defendant has moved *in limine* to bar introduction at trial of a "911" Chicago Police Department tape recording which contains a description by James Wilson ("Wilson") of a shooting that occurred in the Alco drug store, as well as statements made by Chicago Police Officer Eugene Schleder ("Schleder") to the police dispatcher as he is chasing defendant prior to his arrest. Defendant contends that the tape recording should not be admitted into evidence at trial because Wilson and Schleder will appear and testify, and there is no indication that they can no longer remember the events described on the tape. Moreover, defendant contends that the tape should be excluded pursuant to Federal Rule of Evidence 403 because the introduction of a tape recording containing a "dramatic" chase scene would unfairly prejudice defendant. The Court concludes that the tape recording should be admitted and accordingly denies defendant's motion.

### II. ANALYSIS

*A. Wilson's Statements.*

The portion of the tape recording which memorializes Wilson's December 5, 1990 call to "911" is as follows:

> CPD DISPATCHER: Chicago Emergency.

WILSON: Hello. This is Alco Drugs 35th and King Drive.

CPD DISPATCHER: Yes, Alco Drugs.

WILSON: Yes—I just had a man shoot at another, ah lady down here at the drug store.

CPD DISPATCHER: Is she shot?

WILSON: No, she's not shot—he missed her and he ran.

CPD DISPATCHER: Ah—is she still in the store?

WILSON: No, she left with ah somebody. He has on a black long coat.

CPD DISPATCHER: Male black?

WILSON: Male black.

CPD DISPATCHER: Black long leather coat?

WILSON: Yeah—he's about 5'11"—about 210 pounds.

CPD DISPATCHER: He got a black leather coat or a black cloth coat?

WILSON: Black cloth.

CPD DISPATCHER: Okay.

WILSON: With a, a fur collar, with a red tee shirt and gold around his neck.

CPD DISPATCHER: About how old?

WILSON: I don't know. Would you send the police please.

CPD DISPATCHER: Yeah, about how old is he?

WILSON: I don't know, looked like he was about 28 or 29, something like that.

CPD DISPATCHER: Okay. Your name?

WILSON: Wilson.

CPD DISPATCHER: Wilson.

WILSON: Right.

CPD DISPATCHER: Okay. Thank you.

(Government's Consolidated Response Ex. A, at 1–2.) The government contends that this portion of the tape recording is admissible hearsay pursuant to the hearsay exceptions for present sense impressions and excited utterances. The Court agrees.

■ Pursuant to Federal Rule of Evidence 803(1), a statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter," is not excluded by the rule against hearsay evidence. The theory underlying this exception is that "substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation." Fed.R.Evid. 803(1) advisory committee note; *see also United States v. Parker*, 936 F.2d 950, 954 (7th Cir.1991). Three conditions must be satisfied for application of this exception: (1) the statement must describe or explain the event prompting it; (2) the declarant must have perceived the event he is describing; and (3) the description must be substantially contemporaneous with the event. *See United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 323 (4th Cir.1982); 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 803(1)[01], at 803–75–81 (1991). All three conditions are satisfied by Wilson's call to "911." On the tape recording, Wilson tells the police dispatcher that a shooting just occurred in the drug store, and he describes in detail the general appearance and clothing of the alleged assailant. The first condition is therefore satisfied because Wilson describes the event, as well as the individual, which prompted him to call "911." There also can be no doubt that Wilson perceived the event, thereby satisfying the second condition for application of the present sense impression exception. Wilson was present in the store at the time of the shooting and described the event and the alleged perpetrator to the dispatcher. He clearly "perceived" the event. The remaining question, therefore, is whether the telephone call to "911" immediately after the incident was "substantially contemporaneous" with the shooting. *See United States v. Blakey*, 607 F.2d 779, 785 (7th Cir.1979). The Court concludes that it was.

The Advisory Committee Notes to Rule 803(1) state that "precise contemporaneity" often is impossible and that therefore a slight time lapse between the event and the statement is allowable. Fed.R.Evid. 803(1) advisory committee note; *see also United States v. Obayagbona*, 627 F.Supp. 329, 340 (E.D.N.Y.1985) (Weinstein, J.). The Seventh Circuit has held that a time period potentially as large as twenty-three min-

utes may be within the scope of the "substantially contemporaneous" standard. *Blakey*, 607 F.2d at 786. Although the incident in the drug store was complete when Wilson called "911," he made the telephone call, describing the shooting and the defendant's appearance almost immediately after defendant fled the store. Any delay between the event and the telephone call does not suggest that there was time for Wilson to consciously reflect and to fabricate a story. Accordingly, the contemporaneous requirement is satisfied here. *See Parker*, 936 F.2d at 954. Wilson's statements to the dispatcher will be admitted as present sense impressions.

■ Alternatively, those statements also qualify as excited utterances pursuant to Rule 803(2). That rule permits the admission of hearsay statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed.R.Evid. 803(2). This exception similarly applies only if each of three conditions is satisfied: "1) a startling event or condition occurred; 2) the statement was made while the declarant was under the stress of excitement caused by the event or condition; and 3) the statement relates to the startling event or condition." *United States v. Moore*, 791 F.2d 566, 570 (7th Cir.1986); *see also David v. Pueblo Supermarket*, 740 F.2d 230, 235 (3d Cir.1984). Each of these conditions is satisfied by Wilson's statements to the dispatcher.

First, Wilson had just witnessed a shooting in the drug store. There is no indication that Wilson expected a shooting to occur on that date or at that time or that shootings were common occurrences in the Alco drug store. Moreover, the transcript of Wilson's conversation with the police dispatcher shows that Wilson was in fact startled and excited. He stated that he "just had a man shoot at another" in the store, and he requested that the dispatcher "send the police please." (Government's Consolidated Response Ex. A. at 1.) Thus, the Court concludes that Wilson had witnessed a startling event. *See Ferrier v. Duckworth*, 902 F.2d 545, 548 (7th Cir.

1990), *cert. denied*, — U.S. —, 111 S.Ct. 526, 112 L.Ed.2d 536 (1990).

Similarly, Wilson also made his statements to the dispatcher while under the stress and excitement caused by the event. The relevant consideration with respect to this second condition is whether the statements were made "contemporaneously with the excitement resulting from the event." *See Moore*, 791 F.2d at 572 n. 4. The Seventh Circuit has noted that the "lapse of time between the startling event and the statement is relevant but not dispositive." *Id.* at 572. The Court has no trouble concluding that Wilson's statements were made while under the stress of excitement caused by the incident in the drug store. The telephone conversation with the police dispatcher occurred almost immediately after the assailant fled the store. Moreover, the transcript of the conversation evidences the level of Wilson's excitement. The Court, therefore, concludes that Wilson's statements were a spontaneous reaction to the incident and were not the product of conscious reflection. *See Obayagbona*, 627 F.Supp. at 338. Accordingly, the second condition is satisfied. Finally, the Court has concluded above that Wilson's statements relate to the startling event. Thus, because the third condition is satisfied, Wilson's statements also will be admitted pursuant to the excited utterance exception.

**B. *Schleder's Statements*.**

The pertinent portion of the tape recording memorializing Schleder's statements to the citywide dispatcher during his attempt to apprehend defendant is as follows:

SCHLEDER: 214 Emergency.

CITYWIDE DISPATCHER: 214 Go.

SCHLEDER: I'm running ah westbound, offender with a gun, he's now running behind the school on Browning. Running eastbound. Somebody come up 35th Street.

CITYWIDE DISPATCHER: Eastbound on Browning. Eastbound on Browning.

OFFICER CHAPARRO: He's heading towards—towards—towards 35th. Behind the school.

CITYWIDE DISPATCHER: Heading towards the school, eastbound, Browning, towards the school.

SCHLEDER: He's running towards Cottage.

CITYWIDE DISPATCHER: Heading towards Cottage.

BEAT 224: 224

SCHLEDER: He just tossed the gun.

CITYWIDE DISPATCHER: He just what?

210: He just tossed the gun.

CHAPARRO: Unintelligible.

CITYWIDE DISPATCHER: Alright, he tossed the gun. Alright, what unit's got?

SCHLEDER: 214.

CITYWIDE DISPATCHER: 214.

SCHLEDER: He's in custody, but he just tossed the gun.

CITYWIDE DISPATCHER: You have him in custody?

SCHLEDER: He's in custody, but he just tossed the gun. I might need a piece of fire equipment over here.

\* \* \* \* \* \*

CITYWIDE DISPATCHER: Alright, you said you might need a piece of fire equipment. What do you want—a light, a light, you want it on the roof or what?

SCHLEDER: I need to get on the roof.

CITYWIDE DISPATCHER: Alright, we'll get the truck over there. Where do you want em?

SCHLEDER: 525 East 35th Street, in the rear.

(Government's Consolidated Response Ex. A, at 3–4.)

The statements of Officer Schleder in the course of chasing and eventually arresting defendant also satisfy the three conditions necessary to application of the present sense impression exception to the hearsay rule. *See supra*, at 1260. First, Schleder's statements describe or explain the events prompting those statements. In fact, the police officer is describing to the citywide dispatcher exactly what he is do-

ing and what he is observing as it happens. He describes the direction defendant is headed and the fact that defendant tosses his firearm onto an adjacent building. Thus, there can be no doubt that Schleder is perceiving the event he is describing and that his statements describe or explain the event. Finally, because the officer's statements are made as the events are occurring, that description was substantially contemporaneous with the events described. Thus, finding that all conditions for application of the present sense impression exception to the hearsay rule are satisfied, the Court will permit introduction of Schleder's statements as present sense impressions.

Alternatively, the Court finds that the hearsay exception for excited utterances also provides a sound basis for the admission of Schleder's statements. A startling event or condition did occur here. After hearing the description of a shooting suspect broadcast over his police radio, Schleder came upon an individual who matched that description. The individual attempted to flee from the officer, and the officer observed that the suspect was carrying a gun. Even for a police officer who presumably is trained to react in such potentially dangerous situations, involvement in a chase with an armed suspect would be an exciting and startling event. *See Obayagbona*, 627 F.Supp. at 339 ("Law officers are subject to strain and excitement, much like people in other walks of life."). Similarly, the second condition also is satisfied in that Schleder made his statements while under the stress and excitement of the startling event. He made the statements as the events unfolded; they surely were spontaneous reactions to those events, rather than the product of conscious reflection. Finally, Schleder's statements also relate to the startling events he was witnessing. Accordingly, because the statements satisfy the three conditions for application of the excited utterance exception, they also will be admitted pursuant to that exception.[1]

1. The Court also rejects defendant's suggestion that the tape recording would be unduly preju-

dicial pursuant to Federal Rule of Evidence 403. The material contained on the tape recording is

### III. CONCLUSION

For the reasons set forth above, defendant's motion *in limine* to bar introduction of the police tape recording is denied.

highly probative of acts charged against defendant in this indictment; the probative value of the tape is not outweighed by any danger of unfair prejudice.