PEOPLE v HENDRICKSON

Docket No. 110397. Argued October 7, 1998 (Calendar No. 10). Decided December 28, 1998.

Charles E. Hendrickson was convicted by a jury in the 96th Judicial District Court, James M. Collins, J., of domestic violence, MCL 750.81(2); MSA 28.276(2). The Marquette Circuit Court, Edward A. Quinnell, J., reversed, concluding that the district court had abused its discretion in admitting a 911 audiotape recording of the victim's statement that she had been beaten by the defendant. The court explained that the victim's statement could not be admitted as a present sense impression without independent evidence establishing the assault, and that without the audiotape, there was no evidence of an assault. The Court of Appeals, O'CONNELL, P.J., and SAWYER, J. (MARKMAN, J., dissenting), affirmed in an unpublished opinion per curiam (Docket No. 193713). The people appeal.

In separate opinions, the Supreme Court held:

The 911 audiotape recording of the victim's statement that she had been beaten by the defendant was admissible under the present sense impression exception to the hearsay rule. To be admitted as a present sense impression, such statements require that the statement provide an explanation or description of the perceived event, that the declarant personally perceive the event, and that the explanation or description be substantially contemporaneous with the event. Independent extrinsic evidence of the underlying event is also required.

Justice KELLY, joined by Chief Justice MALLETT and Justice CAVANAGH, stated:

Photographs of the victim depicting injuries consistent with the allegations of assault provide independent evidence that the assault occurred. Therefore, the recording of the victim's statement that defendant had just beaten her is admissible under the present sense impression exception to the rule barring hearsay.

Pursuant to MRE 803(1), a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter is excepted from the rule barring hearsay evidence. The admission of hearsay evidence as a present sense impression requires that the statement provide

an explanation or description of the perceived event, the declarant personally perceive the event, and the explanation or description be substantially contemporaneous with the event. In this case, the first condition is satisfied because the victim explained the perceived event, the beating. The second condition is satisfied because the victim personally experienced the beating. The contemporaneous requirement is satisfied because the remarks were substantially contemporaneous with the actual beating. However, admission of the recording requires independent evidence that the assault occurred before it may be admitted as a present sense impression.

In this case, photographs showing the victim's injuries were taken near the time the beating is alleged to have occurred. In addition, the injuries depicted in the photographs were consistent with the type of injuries sustained after a beating. Therefore, the photographs provide credible independent evidence of the assault, permitting the admission of the victim's statement as a present sense impression.

Justice BOYLE, joined by Justices WEAVER and TAYLOR, concurring, stated:

While the statement in this case is properly admissible under the present sense impression exception to the general ban on hearsay evidence, the present sense impression exception does not require corroborative evidence of the underlying event as a prerequisite to admissibility. The reliability of the evidence is demonstrated by the contemporaneity between the event and the out-of-court statement. Therefore, any artificial imposition of additional requirements to the admissibility of evidence other than the requirements found in the evidentiary rule itself should be rejected. The lead opinion's imposition of an extrinsic corroboration requirement confuses the admissibility of the evidence with the weight to be given to the evidence, which is properly a determination for the trier of fact. More fundamentally, it reveals a distrust of the factfinder at odds with the philosophy underlying the rules to promote the discovery of truth by admitting all relevant evidence.

Justice BRICKLEY, concurring in part and dissenting in part, stated:

While the hearsay statement at issue in this case cannot be admitted without corroborating evidence extrinsic to the contents of the hearsay statement itself, corroboration of the event described in the statement is not sufficient to satisfy the extrinsic evidence requirement. The extrinsic evidence rule of *People v Burton*, 433 Mich 268 (1989), demands that evidence other than the disputed statement itself be used to establish the conditions for admitting a hearsay statement under the excited utterance or present sense impression exceptions to the hearsay rule. This requirement

is not satisfied by evidence that the described act occurred. In this case, there was no evidence before the trial court showing the substantial contemporaneity of the disputed statement and the events it describes, other than the disputed statement itself. Therefore, the extrinsic evidence rule was not satisfied, and the trial court abused its discretion by admitting the disputed statement.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Terrence E. Dean,* Assistant Prosecuting Attorney, for the people.

*Lynn M. Jovanovich, Mark Peter Stevens,* and *Stuart Friedman* for the defendant-appellee.

Amicus Curiae:

*Norman W. Donker,* President, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief, Research, Training and Appeals, for Prosecuting Attorneys Association of Michigan.

KELLY, J. We granted leave in this case to determine (1) whether independent evidence of a beating was required before a 911 audiotape recording about the beating could be admitted under the present sense impression exception to the rule barring hearsay, and (2) whether photographic evidence depicting the victim's injuries presented independent evidence of the beating.

We find that the photographs of the victim depicting injuries consistent with the allegations of assault provide independent evidence that the assault occurred. Therefore, we conclude that the recording of the victim's statement that defendant had just beaten her is admissible under the present sense impression exception to the rule barring hearsay. The

trial court did not abuse its discretion in admitting the recording.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On the evening of October 8, 1994, defendant and his live-in girlfriend, the victim, met at a bar in Republic, Michigan. Apparently, the two began arguing after the intoxicated victim noticed defendant's former girlfriend in the bar. After hearing a slap, a waitress overheard defendant exclaim, "Please don't hit me again." As defendant and the victim prepared to leave, the victim told the waitress to "call 911." The waitress also noticed the victim's arm reappear in the doorway after she left, indicating that she may have fallen while leaving.

At 12:43 A.M., the victim telephoned 911 and stated, "I want someone to pick up Charles Hendrickson from Republic." After the dispatcher inquired regarding what defendant had done, the victim responded, "I have just had the living s— beat out of me." She also informed the dispatcher that defendant was "leaving the house now" and that she was leaving to seek medical treatment.

At approximately 7:00 A.M., a state trooper interviewed the victim regarding the 911 call. Visibly shaken, the victim informed the trooper that defendant had grabbed her around the neck, thrown her to the floor, and pummeled her. Consistent with the victim's allegations, the trooper observed bruising on the left side of her neck and swelling on the right side of her lip. There was bruising and swelling on her left eye and lacerations on her chin, left eye, and the inside of her lip. During the course of the interview, the trooper photographed the injuries. The prosecu-

tion charged defendant with one count of domestic violence under MCL 750.81(2); MSA 28.276(2).

The day after defendant had been charged, the victim recanted her statement to the police, asserting that she had made a mistake. She claimed the incident had been her fault and had occurred in the parking lot outside the bar rather than at her residence. Consistent with its "no drop" policy for domestic abuse cases, the prosecution proceeded with its case against defendant.

Some days afterward, the victim informed a victim/witness coordinator with the prosecutor's office that she had lied about the assault and was angry that authorities disbelieved her. She later informed the prosecutor's office, through counsel, that she intended to assert her Fifth Amendment privilege against self-incrimination[1] if called to testify.

At trial, over defendant's objection, the district court permitted the prosecution to introduce the 911 audiotape as evidence of the assault. It concluded that the victim's statements fit within the present sense impression exception to the exclusionary hearsay rule. It also admitted the police photographs taken on October 9 showing the victim's injuries.

During her testimony, the victim/witness coordinator explained that the victim had contacted her regarding domestic violence incidents on two previous occasions. Although the victim informed the coordinator that defendant assaulted her on March 17, 1994, she later recanted. On April 7, 1994, the victim reported another assault and informed the coordinator that "she was tired of being [defendant's]

---

[1] US Const, Am V.

punching bag." Defendant was convicted of assault and battery on the basis of the April 7 assault. The prosecution also introduced photographs of the victim taken after the assaults.

At the conclusion of trial, the jury found defendant guilty of domestic violence for the October 9 assault. However, the circuit court reversed the conviction, concluding that the district court had abused its discretion in admitting the 911 audiotape. It explained that the victim's statement could not be admitted as a present sense impression without independent evidence establishing the assault. Without the 911 audiotape, the circuit court ruled, there was no evidence of an assault.

The Court of Appeals affirmed, concluding that the victim's statements lacked sufficient indicia of reliability to qualify under the present sense impression exception to the rule barring hearsay. Noting the absence of independent evidence corroborating complainant's statements, the Court of Appeals concluded that the district court had abused its discretion by admitting the 911 audiotape.

Dissenting, Judge Markman stated that the present sense impression exception does not require corroborating evidence of the perceived event. Notwithstanding this determination, he reasoned that the photographs depicting the victim's injuries represented corroborating evidence that an assault had occurred. Therefore, he found that the district court did not abuse its discretion in admitting the 911 audiotape.

## II. ANALYSIS

### A. PRESENT SENSE IMPRESSION

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Bahoda*, 448 Mich

261, 288-289; 531 NW2d 659 (1995). An abuse of discretion exists when "an unprejudiced person," considering "the facts upon which the trial court acted, [would] say that there was no justification or excuse for the ruling made." *Detroit Tug & Wrecking Co v Wayne Circuit Judge*, 75 Mich 360, 361; 42 NW 968 (1889).

In determining whether an abuse of discretion occurred, we consider if the 911 audiotape recording of the victim's statement that defendant had just beaten her constituted a present sense impression. Pursuant to MRE 803(1), a statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" is excepted from the rule barring hearsay evidence. MRE 803(1) is identical in its wording to the federal rule, FRE 803(1). The principle underlying this exclusion is that the "substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." FRE 803(1) advisory committee note; see also *United States v Campbell*, 782 F Supp 1258, 1260 (ND Ill, 1991).

Present sense impressions are presumed to be trustworthy because (1) the simultaneous event and description leave no time for reflection, (2) the likelihood for calculated misstatements is minimized, and (3) generally, the statement is made in the presence of another witness who has the opportunity to observe and verify its accuracy.[2] *United States v*

---

[2] We recognize that, in this case, the 911 audiotape statement lacks this component of trustworthiness because the speaker was alone and made the statement to a dispatcher over the telephone. The dispatcher was unable to observe and verify the statement's accuracy.

*Narciso,* 446 F Supp 252, 288 (ED Mich, 1977); *People v Brown,* 80 NY2d 729, 732-733; 610 NE2d 369 (1993).

The admission of hearsay evidence as a present sense impression requires satisfaction of three conditions: (1) the statement must provide an explanation or description of the perceived event, (2) the declarant must personally perceive the event, and (3) the explanation or description must be "substantially contemporaneous" with the event. *United States v Mitchell,* 145 F3d 572, 576 (CA 3, 1998); *Campbell, supra* at 1260.

In this case, the 911 audiotape recording contains the victim's statement that she had just been beaten. The first condition is satisfied because the victim explained the perceived event, the beating. The second condition is satisfied because the victim personally experienced the beating.

The third condition requires that the statement be substantially contemporaneous with the beating. MRE 803(1) provides that a statement may be admitted if made while "perceiving the event or condition, or immediately thereafter." However, the exception "recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." FRE 803(1) advisory committee note; *Campbell, supra* at 1260.

Consistent with this analysis, we have concluded that a four-minute interval between the perceived event and a declarant's statement satisfied the "immediately thereafter" condition. *Johnson v White,* 430 Mich 47, 56; 420 NW2d 87 (1988). In *United States v Mejia-Velez,*[3] a New York federal district court found

---

[3] 855 F Supp 607 (ED NY, 1994).

that sixteen minutes between the perceived event and the statement satisfied the "substantially contemporaneous" condition.

In the case under consideration, the 911 recorded victim's statement was that the beating had just taken place; the defendant was in the process of leaving the house as the victim spoke. If true, the remarks were substantially contemporaneous with the actual beating. Federal authorities have concluded that similar language satisfies the federal standard. See *United States v Hawkins*, 59 F3d 723, 730 (CA 8, 1995), vacated on other grounds 516 US 1168 (1996). In *Hawkins*, the declarant telephoned 911 and stated, "[M]y husband just pulled a gun on me." In *Campbell*, *supra* at 1260, the declarant telephoned 911 and stated, "I just had a man shoot at another . . . ." Therefore, we find that, in this case, as in *Hawkins* and *Campbell*, the contemporaneous requirement was satisfied.

The victim's statement satisfies the three conditions to constitute a present sense impression, but may it provide its own foundation for admissibility? The concurrence accurately states the three competing viewpoints regarding the necessity of corroboration: (1) the corroboration requirement should be rejected; (2) strict corroboration should be required, necessitating a percipient witness;[4] and (3) corroboration should be required and will suffice if it assures the reliability of the statement. See *Brown*, *supra* at 735-736. We adopt the third viewpoint and conclude that the suffi-

---

[4] Contrary to the position of the dissent, we reject strict corroboration *requiring* a percipient witness, such as a neighbor or police officer. *Post*, pp 253-255.

ciency of the corroboration depends on the particular circumstances of each case. *Id.* at 737.

We recognize that the " 'present sense impression' exception is a close relative of the analytically similar 'excited utterance' exception" to the rule barring hearsay. *People v Vasquez,* 88 NY2d 561, 574; 647 NYS2d 697; 670 NE2d 1328 (1996). In fact, "both are members of a larger category of exceptions that were formerly grouped together and classified, inaptly, as res gestae . . . ." *Id.*

In *People v Burton,*[5] we held that an excited utterance could not establish its own underlying event. Because of our aversion to the "bootstrapping" of hearsay evidence, we concluded that an excited utterance was inadmissible without independent proof, direct or circumstantial, that the underlying event took place. *Id.* at 282, 294. Given the analytical similarity between the present sense impression and excited utterance exceptions, we conclude that their independent evidence requirements are similarly analogous. Applying this rationale to the immediate case:

> We turn now to the question whether the evidence which may be considered apart from the purported [present sense impression] proves by a preponderance of the evidence that *the underlying event occurred.*[6] [*Id.* at 295 (emphasis added).]

We conclude that admission of the recording requires independent evidence that the assault occurred before it may be admitted as a present sense impression.

---

[5] 433 Mich 268, 294; 445 NW2d 133 (1989).

[6] The position of the dissent appears to contradict the plain language of *Burton* when it states, "[The extrinsic evidence] requirement is not satisfied by evidence that the described act occurred." *Post,* p 252.

### B. INDEPENDENT PROOF

The question becomes did the photographs[7] depicting the victim's injuries represent independent evidence that the assault occurred? In *Burton*, this Court examined whether hearsay statements were admissible as excited utterances under MRE 803(2) without independent evidence of the startling event. *Id.* at 271. The excited utterances sought to be admitted were statements by the complainant, later recanted, alleging that the defendant had sexually assaulted her. *Id.* The independent evidence of the alleged sexual assault that was offered showed no more than a "stressful event with sexual connotations." *Id.* at 299. It consisted of evidence that defendant attempted to remove the complainant's underwear and shoes from his home and a description of the complainant's physical appearance when making her allegations. *Id.* at 297.

We find the present case distinguishable on the basis of the independent evidence establishing the assault. In this case, photographs showing the victim's injuries were taken near the time the beating is alleged to have occurred. In addition, the injuries depicted in the photographs were consistent with the type of injuries sustained after a beating. Therefore, we conclude that the photographs provide credible independent evidence of the assault, permitting the admission of the victim's statement as a present sense impression.

---

[7] Generally, a perceived event is presumed to have occurred because a witness was present, observed, and can verify the statement's accuracy. *Narciso, supra* at 288; *Brown, supra* at 732-733. Therefore, we recognize that independent evidence of the perceived event normally will be established by another witness who can testify about the accuracy of the declarant's statement.

This analysis is consistent with that made in other jurisdictions. In *Brown, supra*,[8] an anonymous 911 telephone call, admitted under the present sense impression exception, was found to have been sufficiently corroborated by testimony of police officers arriving shortly after the call. In *People v Chaparro*,[9] the testimony of a police officer provided adequate corroboration to permit admission of a 911 telephone call.

Therefore, the recording in this case was admissible as a present sense impression exception to the rule barring hearsay, because the injury photographs presented credible independent evidence of the assault. We note also that, because the admission was made "under a firmly rooted hearsay exception," it satisfied the constitutional requirement of reliability. *Idaho v Wright*, 497 US 805, 817; 110 S Ct 3139; 111 L Ed 2d 638 (1990). Consequently, the trial court did not abuse its discretion.

### III. CONCLUSION

We reverse the decision of the Court of Appeals and hold that the district court properly admitted the 911 audiotape recording. Defendant's conviction and sentence are hereby reinstated.

MALLETT, C.J., and CAVANAGH, J., concurred with KELLY, J.

BOYLE, J. (*concurring*). I agree with the lead opinion that the statement in this case is properly admissible under the present sense impression exception to the general ban on hearsay evidence. I write separately,

---

[8] 80 NY2d 736.

[9] 246 AD2d 339; 667 NYS2d 349 (1998).

however, because I disagree that the present sense impression exception requires corroborative evidence of the underlying event as a prerequisite to admissibility. In my view, the reliability of the evidence is demonstrated by the contemporaneity between the event and the out-of-court statement. Therefore, I would reject any artificial imposition of additional requirements to the admissibility of evidence other than the requirements found in the evidentiary rule itself. The majority's imposition of an extrinsic corroboration requirement confuses the admissibility of the evidence with the weight to be given to the evidence, which is properly a determination for the trier of fact. More fundamentally, it reveals a distrust of the factfinder at odds with the philosophy underlying the rules to promote the discovery of truth by admitting all relevant evidence. MRE 102.

Relying on *People v Burton*,[1] the lead opinion states that, because the present sense impression exception and the excited utterance exception are "analytically" similar, the "independent evidence requirements are similarly analogous." *Ante* at 238. I continue to believe that *Burton* was erroneously decided, and the excited utterance exception requires no independent corroborative evidence. However, even if *Burton* is not reconsidered, it is unnecessary to impose a corresponding requirement on the present sense impression exception. Application of the narrowly drawn contemporaneity requirement for present sense impressions offers adequate assurances of reliability.

Under MRE 104(a), preliminary factual questions of admissibility are determined by the trial court utiliz-

---

[1] 433 Mich 268; 445 NW2d 133 (1989).

ing a preponderance-of-the-evidence standard.[2] In making a preliminary determination of admissibility, the trial judge may consider all available evidence, including otherwise inadmissible evidence.[3] Furthermore, pursuant to MRE 1101(b)(1), the rules of evidence do not apply to determinations of preliminary fact under Rule 104(a). The role of the Rule 104(a) determination is not to determine the defendant's guilt; rather, the purpose is merely to determine whether the preliminary fact has been established by a preponderance of the evidence.

MRE 803(1), which is identical to its federal counterpart, states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (1) *Present sense impression.* A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

I agree with the lead opinion regarding the elements required for a statement to be admissible as a present sense impression.[4] However, in stark contrast to the explicit language contained in MRE 801(d)(2)(E) and

---

[2] *Bourjaily v United States*, 483 US 171, 175; 107 S Ct 2775; 97 L Ed 2d 144 (1987) ("We are therefore guided by our prior decisions regarding admissibility determinations that hinge on preliminary factual questions. We have traditionally required that these matters be established by a preponderance of proof. . . . Thus, the evidentiary standard is unrelated to the burden of proof on the substantive issues, be it a criminal case . . . or a civil case. . . . The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration").

[3] MRE 104(a) states that "[i]n making its determination [the court] is not bound by the Rules of Evidence except those with respect to privileges."

[4] *Ante* at 236. See also Passannante, *Res gestae, The present sense impression exception and extrinsic corroboration under federal Rule of*

804(b)(3), the requirement of extrinsic corroboration is clearly and conspicuously absent from the language of the rule itself or the requisite elements. The contested statement made by the victim to the emergency dispatch operator, which on its face purports to have been contemporaneously made in conjunction with an assault, is itself evidence that the assault occurred.

The lead opinion errs in holding that the statement "requires independent evidence that the assault occurred before it may be admitted as a present sense impression." Under the majority view, other corroborating evidence of the existence of the perceived event is an absolute prerequisite to the admissibility of the evidence, not simply the weight properly given to it.[5]

Professor McCormick, in discussing the parameters of the present sense impression exception, discredited the requirement of a corroboration requirement and observed:

> The suggestion has been made that corroboration by an "equally percipient" witness should be a further requirement for admitting statements of present sense impression into evidence. The proposal represents a significant departure from the general pattern of exceptions to the hearsay rule.

---

*Evidence 803(1) and its state counterparts,* 17 Fordham Urb L J 89, 99 (1989).

[5] Justice BRICKLEY's attempt to elevate an extrinsic evidence requirement to the status of a "rule" is premised on the holding in *Glasser v United States,* 315 US 60; 62 S Ct 457; 86 L Ed 680 (1942). It should be noted that *Glasser* predated the enactment of the Federal Rules of Evidence. Furthermore, *Bourjaily* explicitly held that the holding in *Glasser* was superseded by the enactment of Rule 104(a). "We think that the Rule is sufficiently clear that to the extent that it is inconsistent with petitioner's interpretation of *Glasser* and *Nixon,* the Rule prevails." *Bourjaily,* n 2 *supra* at 178-179. See *United States v Nixon,* 418 US 683; 94 S Ct 3090; 41 L Ed 2d 1039 (1974).

The only instance in which a requirement of corroboration is found is where a statement against penal interest by a third person—a third-party confession—is offered by way of exculpation of an accused person. . . . The present sense impression exception presents no such need. Its underlying rationale offers sufficient assurances of reliability without the additional requirement of corroboration, and neither the Federal Rule nor the decisions have required it.[6]

Likewise, Professor Weinstein states that extrinsic corroboration is not a requirement for the admissibility of present sense impression evidence; the presence of corroborative evidence "is a factor the court may consider in determining whether a statement not exactly contemporaneous qualifies for admission."[7]

The case cited by the lead opinion, *People v Brown*,[8] which involved an unidentified declarant, required corroborative evidence in order to "assure the court that the statements sought to be admitted were made spontaneously and contemporaneously with the events described."[9] The court also stated that "when statements are admitted under the present sense exception without the assurance of reliability

---

[6] 2 McCormick, Evidence (4th ed), § 272, pp 214-215.

[7] 4 Weinstein & Berger, Evidence, ¶ 803(1)[01], p 803-92. Likewise, Graham, Federal Practice & Procedure (interim ed), § 6752, pp 270-271, also states that extrinsic corroboration is not a prerequisite to the admissibility of evidence under the present sense impression exception. "Moreover the evidence establishing that the declarant actually made a statement describing or explaining an event or condition while perceiving the event or immediately thereafter *may consist solely of the statement itself* considered in light of surrounding circumstances, although hesitancy has been shown by courts in admitting such statements without more when the identity of the declarant is unknown." (Emphasis added.) See also the Advisory Committee Notes to FRE 803(1) ("If the witness is not the declarant, he may be examined as to the circumstances as an aid in evaluating the statement").

[8] 80 NY2d 729; 610 NE2d 369 (1993).

[9] *Id.* at 737.

that excitement affords, it is reasonable and prudent to require some additional indicia of reliability."[10] The opinion fails to acknowledge that excitement is not an element of the present sense impression exception; rather, it is an element of the excited utterance exception. If excitement were the only measuring stick of reliability, then all the hearsay exceptions, save the excited utterance exception, would be rendered unreliable. Each exception to the general ban on hearsay has its own characteristics and underlying rationale that lends sufficient assurances of reliability; no one exception, or element within the exception, stands as the exclusive index of reliability.

One commentator, discussing the justification of imposing an extrinsic corroboration requirement on the present sense impression exception, noted:

> The present sense impression exception is a means to admissibility under the Federal Rules, and not a test of credibility. Credibility of these types of exclamations obviously affected the development of the various categories of exceptions, but now we have a categorical approach to ensure judicial economy concerning questions of admissibility. There is no theoretically sound reason for 803(1) to have an additional corroboration requirement. Proper care that the requirements of 803(1) are met, coupled with the guarantees built into other sections of the Rules, would ensure that the present sense impression does not become overly "capacious." . . . If a statement comes within the exception, and does not offend the other rules, it should be admitted. . . . [T]hese rules possess sufficient guarantees of trustworthiness within their contours such that an additional requirement of extrinsic corroboration is unnecessary. Casting the present sense impression exception aside

---

[10] *Id.* at 736.

by adding an additional element for admission has not been appropriately justified.[11]

There are three competing viewpoints on the necessity of corroboration: the first group rejects a corroboration requirement,[12] the second group finds that corroboration is a factor tending to assure trustworthiness,[13] and the third group requires strict corroboration.[14] Some jurisdictions that take the intermediate view of corroborative evidence as a reliability factor

---

[11] Passannante, n 4 *supra* at 115-116.

[12] See *United States v Mejia-Velez*, 855 F Supp 607 (ED NY, 1994); *State v Jones*, 311 Md 23; 532 A2d 169 (1987); *United States v Obayagbona*, 627 F Supp 329 (ED NY, 1985); *United States v Medico*, 557 F2d 309 (CA 2, 1977); *State v Flesher*, 286 NW2d 215 (Iowa, 1979); *Commonwealth v Coleman*, 458 Pa 112; 326 A2d 387 (1974).

[13] See *United States v Blakey*, 607 F2d 779 (CA 7, 1979), overruled in part on other grounds, *Idaho v Wright*, 497 US 805; 110 S Ct 3139; 111 L Ed 2d 638 (1990); *Robinson v Shapiro*, 484 F Supp 91 (SD NY, 1980), judgment affirmed and modified on other grounds by 646 F2d 734 (CA 2, 1981); *United States v Narciso*, 446 F Supp 252 (ED Mich, 1977); *MCA, Inc v Wilson*, 425 F Supp 443 (SD NY, 1976), judgment affirmed and modified on other grounds by 677 F2d 180 (CA 2, 1981); *State v Phillips*, 194 W Va 569; 461 SE2d 75 (1995).

Among jurisdictions that look at corroboration as a factor tending to enhance reliability, there is a divergence regarding what must be corroborated. In *Blakey*, the court held that "[i]t is not necessary that the witnesses be in the same position to observe as the declarant; it is only necessary that the witnesses be able to corroborate the declarant's statement." *Id.* at 785. In this case, in addition to the dispatch operator hearing the statement, the statement was recorded; therefore, there is no' doubt that the statements at issue in this case were actually made.

[14] See *People v Watson*, 100 AD2d 452; 474 NYS2d 978 (1984) *In re Japanese Electronic Products Antitrust Litigation*, 723 F2d 238 (CA 3, 1983), rev'd on other grounds sub nom *Matsushita Electric Industrial Co, Ltd v Zenith Radio Corp*, 475 US 574; 106 S Ct 1348; 89 L Ed 2d 538 (1986), abrogated on other grounds by *Pfeiffer v School Bd for Marion Center Area School Dist*, 917 F2d 779 (CA 3, 1990). While *In re Japanese Electronic Products* cites Weinstein for the proposition that the present sense impression exception requires corroboration, there is no requirement in the treatise. See 4 Weinstein & Berger, Evidence, ¶ 803(1)[01], p 803-92. The other case cited in the opinion, *Houston Oxygen Co v Davis*, 139 Tex 1; 161 SW2d 474 (1942), predated the adoption of the Federal Rules of Evidence.

do not bar the admission of evidence on the basis of a lack of corroboration.[15]

Admittedly, there is a divergence of opinion about the requirement of corroborating evidence as a prerequisite to the admissibility of present sense impressions. This Court has held that the Michigan Rules of Evidence are a codification of the rules of evidence; any common-law variances of the evidentiary rules have been superseded by the Michigan Rules of Evidence.[16] Furthermore, at the time the Michigan Rules of Evidence were adopted, this Court was presumed to have had knowledge of the variance of opinion regarding extrinsic corroboration and chose not to require a corroboration requirement.[17]

Certainly, corroborative evidence enhances the weight and reliability of an out-of-court statement. In addition, the trier of fact will have the benefit of an additional witness concerning the events surrounding the statement. However, while the existence of corroborative evidence may add more weight and reliability to the out-of-court statement, the converse does not hold true: A lack of corroborative evidence does not render the statement unreliable. Neither the plain

---

[15] See *State v Phillips*, n 13 *supra* at 579. "Thus, we find that it is within the discretion of a trial court to consider corroborating evidence 'in determining whether a statement not exactly contemporaneous qualifies for admission.' . . . By adopting this corroboration element, we do not mean to suggest that a separate showing of trustworthiness is required for a statement to be admissible. A descriptive statement made by a percipient declarant contemporaneous with an event is sufficient to justify admissibility."

[16] *People v Kreiner*, 415 Mich 372; 329 NW2d 716 (1982). See also *People v Starr*, 457 Mich 490, 502, n 12; 577 NW2d 673 (1998).

[17] Where this Court chose to deviate from the language of the Federal Rules of Evidence and impose an independent corroboration requirement, it did not hesitate to do so. Compare MRE 801(d)(2)(E) to FRE 801(d)(2)(E).

language of the evidentiary rule nor the relevant treatises militate in favor of requiring corroboration as an absolute prerequisite to admissibility. The availability of extrinsic corroborative evidence is relevant to the weight, not the admissibility of the evidence. Moreover, the consequence of such an unfounded and unnecessary requirement is that many trustworthy statements would be excluded simply out of adherence to a formula premised on an unfounded distrust[18] of the finder of fact.[19]

---

[18] Empirical studies refute the notion that jurors are incapable of distinguishing the relative strengths and weaknesses of hearsay evidence. See Kovera, *Jurors' perceptions of eyewitness and hearsay evidence*, 76 Minn L R 703, 719-722 (1992); Miene, *Juror decision making and the evaluation of hearsay evidence*, 76 Minn L R 683, 693-699 (1992); Rakos, *Researching the hearsay rule: Emerging findings, general issues, and future directions*, 76 Minn L R 655, 664 (1992). One commentator noted:

> In sum, the "trustworthiness problem" with hearsay, the "danger of overvaluation," and the "four traditional hearsay risks" are all expressions of the same premise: There are problems in evaluating hearsay a jury cannot or will not comprehend, even after closing argument highlights those difficulties. To claim that such problems exist means one can think of a hearsay statement that jurors would mishandle for a reason they could not appreciate, even if it were explained to them. This reflects an eighteenth-century class arrogance sorely out of place in today's society. [Milich, *Hearsay antimonies: The case for abolishing the rule and starting over*, 71 Or L R 723, 771-772 (1992).]

[19] While I agree with Justice BRICKLEY that some of the evidentiary rules operate to preclude the admission of otherwise competent and trustworthy statements, *post* at 253, n 3, his statement fails to acknowledge that the other rules, codified in the Michigan Rules of Evidence, were formulated out of concerns different from those present in this case. Those concerns are embodied in the language of the rule itself and the subsequent advisory committee notes. Here, there is no contention that present sense impressions, or any other hearsay exception, are on their face unduly untrustworthy, prejudicial, or inflammatory. If the drafters of the evidentiary rules had considered them to be so, then present sense impressions would undoubtedly be limited or precluded as well. The effort by my colleague to impose by judicial fiat an extrinsic evidence requirement on hearsay exceptions in direct contravention of the clear and unambiguous language of MRE 104(a) is based primarily on distrust of the factfinder and the trial court judge, rather than any deficit in the rule itself.

Because I would hold that the evidence in this case was properly admitted under the present sense impression exception to the general ban on hearsay ·evidence, and that no extrinsic corroborative evidence was required, I concur with the majority.

WEAVER and TAYLOR, JJ., concurred with BOYLE, J.

BRICKLEY, J. (*concurring in part and dissenting in part.*) I concur in the lead opinion's conclusion that the hearsay statement at issue in this case cannot be admitted without corroborating evidence extrinsic to the contents of the hearsay statement itself. This result is compelled by our holding in *People v Burton*, 433 Mich 268; 445 NW2d 133 (1989). I dissent from that portion of the lead opinion that holds that corroboration of the event described in the statement is sufficient to satisfy the extrinsic evidence requirement. The extrinsic evidence rule of *Burton* demands that evidence other than the disputed statement itself be used to establish the conditions for admitting a hearsay statement under the excited utterance or present sense impression exceptions to the hearsay rule. *Id.*, pp 280-282.

I

In *Burton*, we held that an excited utterance could not be admitted, where the only evidence of the "startling event" underlying the excited utterance was the

---

Requiring an extrinsic evidence requirement would mean that a trial court could not consider hearsay statements at all in determining preliminary questions of admissibility. Taken to its logical conclusion, the effect of this requirement would rob the hearsay exceptions of most, if not all of their utility. For example, one wonders what sort of extrinsic proofs would be necessary in order to admit a statement under MRE 803(8) (public records and reports), MRE 803(11) (records of religious organizations), or MRE 803(16) (statements in ancient documents).

content of the utterance itself. *Id.*, p 282. This holding was based upon our belief that " '[a]ny other rule would "lift [hearsay] by its own bootstraps to the level of competent evidence." ' " *Id.*, pp 281-282, quoting *People v Vega*, 413 Mich 773, 780; 321 NW2d 675 (1982), quoting *Glasser v United States*, 315 US 60, 75; 62 S Ct 457; 86 L Ed 680 (1942).

We quoted the three conditions that must be satisfied before a hearsay statement could come within the excited utterance exception to the rule excluding hearsay:

> "(1) *it must arise out of a startling occasion*; (2) it must be made before there has been time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion." [*Burton, supra*, p 280, quoting *People v Cunningham*, 398 Mich 514, 519; 248 NW2d 166 (1976), citing *Rogers v Saginaw B C R Co*, 187 Mich 490, 493-494; 153 NW 784 (1915) (emphasis supplied).]

We then stated the main question in the case: "whether a proffered excited utterance, standing alone, may be used to satisfy *the conditions for its own admissibility*." *Burton, supra*, p 280 (emphasis supplied).

The question in *Burton* was not whether the disputed statement was deemed reliable, and hence admissible, because there was independent evidence that the described event actually occurred. Rather, the question was whether the disputed statement could be "used to satisfy the conditions for its own admissibility." *Id.* One of these conditions was that a "startling event" gave rise to the disputed statement. While the distinction between these two questions is clouded because the "startling event" and the criminal act were the same in *Burton*, the distinction is nevertheless crucial. My dissent is compelled by this dis-

tinction between corroboration of the reliability of the statement itself, and corroboration that the statement was made under conditions that satisfy the hearsay exception.

II

Independent evidence of the "startling event" was necessary in *Burton* because "[i]t is the presence of a startling event that lends the utterance emanating therefrom its special reliability." *Id.*, p 295. Unlike an excited utterance, however, a present sense impression gains its "special reliability" from the fact that it is made during, or very shortly after, the event described. The statement is likely to be reliable because it is made before the declarant has an opportunity to fabricate, embellish, or forget what is being described. As the lead opinion recognizes, "the 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.' "[1] *Ante*, p 235, quoting FRE 803(1) advisory committee's note; citing *United States v Campbell*, 782 F Supp 1258, 1260 (ND Ill, 1991).

Therefore, the extrinsic evidence requirement demands some showing, outside the contents of the

---

[1] I agree with the lead opinion and the concurring opinion of Justice BOYLE that the following three conditions must be satisfied before a statement may be admitted as a present sense impression: "(1) the statement must provide an explanation or description of the perceived event, (2) the declarant must personally perceive the event, and (3) the explanation or description must be 'substantially contemporaneous' with the event." *Ante*, p 236, citing *United States v Mitchell*, 145 F3d 572, 576 (CA 3, 1998), and *United States v Campbell*, 782 F Supp 1258, 1260 (ND Ill, 1991); see concurring opinion of BOYLE, J., *ante*, p 243.

The first and the second criteria are satisfied here by the nature of the event described and by the photographs taken the day after the 911 call was made, which corroborate that the described beating actually occurred. The third criterion has not been satisfied, however, as I discuss herein.

disputed statement, that the 911 call was likely made at about the same time as the criminal act. This requirement is not satisfied by evidence that the described act occurred. " 'For aught that appears beyond the statement itself, the injury may have occurred three or four hours before the statement was made . . . . In such an event, the element of spontaneousness is absent.' " *Burton, supra,* p 280, quoting *Rogers, supra,* p 494. Extrinsic evidence of the underlying criminal act supports the general reliability of a disputed hearsay statement describing that act.[2] This is not, however, the purpose of the extrinsic evidence rule. That rule prohibits the use of a hearsay statement "to satisfy the conditions for its own admissibility." *Id.,* p 280.

In this case, there was no evidence before the trial court showing the substantial contemporaneity of the disputed statement and the events it describes, other than the disputed statement itself. Therefore, the extrinsic evidence rule was not satisfied, and the trial court abused its discretion by admitting the disputed statement.

III

The extrinsic evidence requirement serves the purpose of assuring that the present sense impression exception to the hearsay rule is used in conformity with its underlying purposes. Hearsay statements are excluded from evidence because they lack the tradi-

---

[2] Indeed, the lead opinion appears to construe the extrinsic evidence requirement as a general reliability test for admissibility. See MRE 803(24) ("A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness [may be admissible]"). I do not believe that the disputed statement in this case could be admissible under MRE 803(24).

tional indicia of credibility: the statement was not made under oath, the declarant is often not personally present at trial, and is often not subject to cross-examination. The present sense impression exception to the hearsay rule allows the admission of statements that are made under circumstances tending to support their reliability, despite their lack of the traditional indicia of credibility.[3]

The extrinsic evidence rule prevents the "bootstrapping" of hearsay statements into evidence, by demanding some independent proof that they were *actually* made under conditions justifying their admission. This requirement could have been satisfied here, for example, if the prosecution had produced a witness who saw the defendant leaving the house at

---

[3] I cannot agree with Justice BOYLE's condemnation of the extrinsic evidence requirement on the grounds that "many trustworthy statements would be excluded simply out of adherence to a formula premised on an unfounded distrust of the finder of fact." *Ante*, p 248. Many statements that are not only "trustworthy," but ·verifiably true, are excluded by the Rules of Evidence because they may be improper appeals to the prejudices or sympathies of the factfinder. See, e.g., MRE 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); MRE 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith"); MRE 404(b)(1) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"); MRE 407 ("When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event"); MRE 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully"); MRE 609 ("For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted [except under certain circumstances]"); MRE 610 ("Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced"); MRE 802 ("Hearsay is not admissible except as provided by these rules").

about the same time as the 911 call; if a neighbor had heard the defendant and the complainant fighting at about the same time as the call; if the victim had, as she stated she would on the taped 911 call, immediately sought medical treatment and the time of treatment could be verified; or if the police had arrived at the scene shortly after the call. With such evidence, a trial judge would not have to rely on circular reasoning to determine that the hearsay statement was made "substantially contemporaneously" with the described event.[4]

Any argument that the extrinsic evidence requirement makes 911 recordings useless for prosecution purposes utterly misses the point of this rule. The Rules of Evidence exist largely to assure that evidence admitted at trial is relevant and reasonably reliable. Only if a statement is made under certain conditions may it be admitted in evidence without the benefit of cross-examination and oath. The necessary conditions in this case were shown only by the dis-

---

[4] Other cases have demonstrated that such extrinsic guarantees of the conditions of reliability are not rare. See, e.g., *People v Slaton*, 135 Mich App 328, 330-331; 354 NW2d 326 (1984) (police arrived before the 911 call had terminated, but after the victim had been killed by perpetrators; arrival of the police could be heard on recording of 911 call); *United States v Hawkins*, 59 F3d 723, 730 (CA 8, 1995) (neighbors placed a 911 call complaining of disturbance, in complainant's apartment at 1:07 A.M.; complainant's 911 call, from which a present sense impression statement was taken, was made at 1:14 A.M.); *United States v Blakey*, 607 F2d 779, 785 (CA 7, 1979) (although no available witnesses were present at recorded conversation, "there were several witnesses who could testify to all the events leading up to and following that brief meeting"); *United States v Mejia-Velez*, 855 F Supp 607, 613-614 (ED NY, 1994) (confirming that both 911 calls in question were within two minutes of the shooting that they described); *People v Brown*, 80 NY2d 729, 730; 610 NE2d 369 (1993) (taped 911 call described perpetrators and apprehension of them by the police; police arrived three minutes after call was initiated).

puted statement. Therefore that statement was improperly admitted.

IV

Because the only evidence that the taped statement was made substantially contemporaneously with the event it described was the statement itself, the extrinsic evidence rule was not satisfied. *Burton, supra*, p 294. Therefore, the trial court abused its discretion in admitting the taped statement.

Because the admission of this statement is not harmless error, see MCR 2.613(A), I would affirm the decision of the Court of Appeals, and remand this case for a new trial.