776 So.2d 431 (2001)
STATE of Louisiana,
v.
Dwayne ROBINSON.
No. 2000-KK-2284.
Supreme Court of Louisiana.
January 12, 2001.
PER CURIAM.
Granted. The trial court erred in denying the state an opportunity to lay a proper *432 predicate for introducing the victim's out-of-court statements made immediately after the alleged offense as excited utterances for purposes of the hearsay exception provided by La.C.E. art. 803(2) on grounds that introduction of the statements would in any event violate the Confrontation Clause of the Sixth Amendment in a case in which the victim does not testify and render herself subject to cross-examination. Assuming that the state meets the foundational requirements for this firmly rooted hearsay exception, see State v. Henderson, 362 So.2d 1358, 1361 (La.1978), the introduction of a victim's excited utterance does not violate the Confrontation Clause even when it constitutes the only direct evidence that the defendant committed the offense. See White v. Illinois, 502 U.S. 346, 358, 112 S.Ct. 736, 743, 116 L.Ed.2d 848 (1992) (Confrontation Clause is satisfied if hearsay "has sufficient guarantees of trustworthiness to come within a firmly rooted exception to the hearsay rule."); see also Commonwealth v. Whelton, 428 Mass. 24, 696 N.E.2d 540, 543-46 (1998); People v. Hendrickson, 459 Mich. 229, 586 N.W.2d 906, 908-910 (1998); Oldman v. State, 998 P.2d 957, 960 (Wyo.2000). Accordingly, on remand of this case for resumption of trial, the district court shall provide the state with the opportunity to lay a proper foundation for admitting the victim's statements as excited utterances and to rule on their admissibility as substantive evidence under the hearsay exception provided by La.C.E. art. 803(2).
LEMMON, J., would grant & docket.
KNOLL, J., would deny the writ.