# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN CHRISTOPHER-CHARLE GASTON,
a/k/a JOHN CHRISTOPHER GASTON,

        Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No.  319018
Wayne Circuit Court
LC No.  13-003484-FC

Before:  CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(b) (sexual penetration by force or coercion).  Defendant was sentenced to serve a prison term of 20 to 30 years.  We affirm defendant's conviction, but vacate his sentence and remand for resentencing.

Defendant was convicted of vaginally penetrating the then 15-year-old complainant. Defendant, the son of a family friend, followed complainant into the bathroom of his mother's home and then vaginally penetrated her.  The evidence at trial consisted primarily of complainant's testimony about the assault and forensic evidence showing defendant's DNA on complainant's neck, where he had kissed her during the assault.  The sexual assault forensic examiner who examined and treated complainant testified that she found no external physical injury but discovered redness and point tenderness during the genitalia examination consistent with complainant's version of events.

Defendant argues that a police officer's testimony constituted inadmissible hearsay.[1]  At trial and over defense objection, the officer testified that he was called to a report of a sexual assault and that complainant told him that defendant sexually assaulted her.

---

[1] Whether evidence is admissible is reviewed for an abuse of discretion.  *People v Bahoda*, 448 Mich 261, 263, 289-290; 531 NW2d 659 (1995).  A trial court's ruling on the admissibility of evidence should be reversed only when the trial court clearly abused its discretion.  *Id.* Preliminary questions of law, including whether a rule of evidence precludes the admission of

-1-

The challenged testimony, even when limited in scope, was hearsay being offered to bolster complainant's testimony and show that defendant committed the criminal act in question. Hearsay "is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Generally, hearsay is not admissible. MRE 802. A witness's prior statement that is consistent with the witness's trial testimony is inadmissible hearsay where the prior statement is used to prove the truth of the matter asserted. *People v Malone*, 445 Mich 369, 387-388; 518 NW2d 418 (1994). Under MRE 801(d)(1), a prior consistent statement is not hearsay if it "is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." MRE 801(d)(1)(B). In this case, however, there was no charge of recent fabrication or improper influence or motive regarding complainant. Accordingly, the statements were not excluded from the definition of hearsay by MRE 801(d)(1).

Although the trial court failed to expressly state the hearsay exception under which it admitted the officer's testimony, it appears that the court relied on either the present sense impression exception, MRE 803(1), or the excited utterance exception, MRE 803(2).

The present sense impression exception allows for the admission of a hearsay statement if (1) the statement provides an explanation or description of the perceived event, (2) the declarant personally perceived the event, and (3) the explanation or description was made at a time "substantially contemporaneous" with the event. *People v Hendrickson,* 459 Mich 229, 236; 586 NW2d 906 (1998); MRE 803(1). In this case, the record demonstrates that the trial court incorrectly calculated the amount of time that elapsed between the assault and complainant's statement to the officer. The court asserted that the officer arrived within three or four hours of the sexual assault. However, ample and uncontested testimony indicated that the assault occurred on the morning of August 17, 2013 and that the officer spoke with complainant the morning of August 18, 2013, i.e., the following day. This length of time renders the officer's conversation with complainant not "substantially contemporaneous" with the sexual assault. Accordingly, the officer's testimony was not admissible under MRE 803(1) as a present sense impression.

The testimony was similarly not admissible as an excited utterance. An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." MRE 803(2). The trial court based its ruling on the officer's status as a first responder and the time lapse between the assault and the report, but did not reference or rely on any event or condition of complainant. In sum, there is insufficient record evidence to indicate that the statements made by complainant to the officer were made while complainant was under the stress of excitement caused by the sexual assault.

Accordingly, the trial court should have excluded the officer's challenged testimony as inadmissible hearsay. However, such an error does not warrant reversal unless "after an examination of the entire cause, it shall affirmatively appear" that it is more probable than not that the error was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d

the evidence, are reviewed de novo. *People v Jones*, 270 Mich App 208, 211; 714 NW2d 362 (2006).

607 (1999), quoting MCL 769.26. On this basis, we conclude that reversal is not required in this case.

While the officer's testimony improperly bolstered complainant's account, it was cumulative to other testimony that complainant immediately told other individuals about the assault. Complainant's account was also supported by forensic evidence in the form of defendant's DNA being found on her neck and the testimony of complainant's treating nurse, a forensic sexual assault examiner. Further, the prosecution limited the officer's testimony to the general nature of the offense and did not delve into the specifics of complainant's account to the officer. In light of this evidence, we do not conclude that it is more probable than not that, but for the trial court's erroneous admission of the officer's testimony, defendant's trial would have resulted in a different outcome.

Defendant next raises three claims of error regarding sentencing. First, he asserts that the trial court erred in scoring Offense Variable (OV) 3 at 10 points.[2]

OV 3 concerns physical injury to a victim and must be scored at 10 points if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33. "'[R]equiring medical treatment' refers to the necessity for treatment and not the victim's success in obtaining treatment." MCL 777.33. "'[B]odily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald,* 293 Mich App 292, 298; 811 NW2d 507 (2011). The evidence presented indicated that complainant suffered redness, point-tenderness, and irritation in her vaginal area, which was sufficient to support the trial court's assessment of 10 points. Complainant suffered tenderness and redness as a result of the sexual assault and, while being examined for forensic reasons, sought medical treatment, which was received. Although defendant asserts that the tenderness was not an injury, a "'bodily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *Id.* The irritation and tenderness were unwanted physical consequences of defendant's actions.

The assessment of points under OV 3 requires factual causation, i.e., but for defendant's criminal actions, the injury to complainant would not have occurred. *People v Laidler,* 491 Mich 339, 345; 817 NW2d 517 (2012). Defendant argues that there was insufficient proof that he caused the irritation and that there were alternative possible causes. However, the forensic sexual assault examiner testified regarding complainant's injuries and noted that those injuries were consistent with complainant's account of the assault, rendering the trial court's assessment of 10 points under OV 3 not erroneous.

---

[2] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Defendant next argues that the trial court erred by assessing 15 points for OV 8. OV 8 must be scored at 15 points when "a victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). A victim can be considered to be "asported" when she is "secreted from observation by others." *People v Spanke,* 254 Mich App 642, 648; 658 NW2d 504 (2003). "[T]here is no requirement that the movement itself be forcible. Rather, the only requirement for establishing asportation is that the movement not be incidental to committing an underlying offense." *Id.* at 647.

The trial court erred by scoring OV 8 at 15 points. There was no evidence that complainant was "asported" in this case. Complainant testified that she entered the bathroom on her own, closed the door, and defendant followed her inside. The trial court stated that it assessed 15 points because defendant locked the door behind him when he entered. While such an action would likely support the court's score, there is no evidence that defendant locked the door behind him. At trial, complainant was twice questioned about defendant's actions. She first stated that she did not remember whether defendant closed the door or not. After being shown a written statement she gave a few days after the assault (in which she stated that defendant locked the door behind him), complainant testified that, "I remember him coming in, but I honestly don't remember him locking the door." In sum, there was no evidence that complainant's entry into the bathroom was more than incidental to defendant's commission of the crime and the trial court's factual basis for scoring OV 8 at 15 points was not supported by the record. Because the correct scoring of OV 8 would alter defendant's sentencing guidelines range, he is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Finally, defendant argues that the trial court engaged in judicial fact-finding during sentencing in violation of the Sixth and the Fourteenth Amendments, as articulated in *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). However, we are bound by our opinion *People v Herron,* 303 Mich App 392, 403-405; 845 NW2d 533 (2013), which rejected this argument. MCR 7.215(J)(1).

Defendant's conviction is affirmed. We vacate his sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.