# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TYWON DEON HAMILTON,

Defendant-Appellant.

UNPUBLISHED
July 6, 2017

No. 329845
Wayne Circuit Court
LC No. 15-002167-01-FH

Before: RIORDAN, P.J., and METER and FORT HOOD, JJ.

RIORDAN, J. (*concurring in part and dissenting in part*).

I respectfully dissent from the majority's analysis of the trial court's admission, under MRE 803A, of Miieshia Duhart's testimony concerning the statement made to her by MD. Defendant is entitled to a new trial based on the trial court's admission of this testimony.

I disagree with the majority's conclusion that this issue was not preserved. See *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). The majority's dissection of defense counsel's arguments in the trial court is troubling. Contrary to the majority's characterization of defense counsel's statements, the record shows that defense counsel noted—while arguing that Duhart's testimony was not admissible under MRE 803A—that there was a discrepancy in the record as to whether MD's statement to Duhart was MD's first corroborative statement. Thus, we must apply the standard of review for preserved evidentiary claims in reviewing this issue.

This Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010); *Aldrich*, 246 Mich App at 113. An abuse of discretion occurs if the trial court's decision "is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). In general, there is no abuse of discretion when the trial court's decision involves a close evidentiary question. *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000). "When the decision involves a preliminary question of law, . . . such as whether a rule of evidence precludes admission, we review the question de novo." *Mardlin*, 478 Mich at 614. "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013) (quotation marks and citation omitted).

-1-

Specifically, defendant contends that the trial court erred by admitting Duhart's testimony regarding MD's disclosure under MRE 803A because the prosecution failed to establish a foundation for the admission of this evidence in several respects. I agree with the majority that reversal would not necessarily be required based on the lack of notice provided by the prosecution or the delay in MD's disclosure to Duhart. See MRE 803A; *Burns*, 494 Mich at 110; *People v Dunham*, 220 Mich App 268, 272-273; 559 NW2d 360 (1997).

However, defendant is correct that the trial court erred by admitting Duhart's testimony without first making a definitive factual finding as to whether her testimony concerned a hearsay statement that amounted to MD's first corroborative statement after the incident. In short, the trial court erred by failing to determine whether the prosecution provided an adequate foundation for the admission of Duhart's testimony before this evidence was presented to the jury.

A trial court errs when it admits testimony regarding a child victim's corroborative statement under MRE 803A when that testimony does not relate to the child's *first* corroborative statement with regard to an incident of sexual abuse. *People v Douglas*, 496 Mich 557, 575-576; 852 NW2d 587 (2014). In *People v Hendrickson*, 459 Mich 229, 241-242; 586 NW2d 906 (1998), the Michigan Supreme Court explained the role of the trial court in considering preliminary factual questions relevant to the admissibility of evidence:

> Under MRE 104(a), preliminary factual questions of admissibility are determined by the trial court utilizing a preponderance-of-the-evidence standard. In making a preliminary determination of admissibility, the trial judge may consider all available evidence, including otherwise inadmissible evidence. Furthermore, pursuant to MRE 1101(b)(1), the rules of evidence do not apply to determinations of preliminary fact under Rule 104(a). The role of the Rule 104(a) determination is not to determine the defendant's guilt; rather, the purpose is merely to determine whether the preliminary fact has been established by a preponderance of the evidence. [Footnotes omitted.]

After the jury had been sworn, but before the parties' opening statements, defense counsel argued that Duhart's testimony regarding MD's disclosure to her was not admissible under MRE 803A because, among other reasons, MD testified at the preliminary examination that she spoke to her "aunt" (*i.e.*, her godmother, Bridgette Coffee) about the incident before Duhart.[1] Instead of making the requisite preliminary factual finding to determine whether Duhart's testimony was admissible under MRE 803A as MD's *first* corroborative statement, see *Hendrickson*, 459 Mich at 241-242, the trial court stated, "Well, we'll have to see how it plays out, but right now I can't make a ruling on it."[2]

---

[1] Defense counsel's summary of MD's testimony was accurate. At the March 12, 2015 preliminary examination, MD unequivocally testified that she told Coffee what had happened before she spoke to Duhart.

[2] If the trial court had considered MD's preliminary examination testimony when defense counsel first challenged Duhart's testimony, it is likely that Duhart's testimony would have been

Later in the trial, MD testified that she told Duhart about the incident first. Defense counsel impeached this statement with MD's October 30, 2014 testimony, during which she explained that she disclosed the incident to Duhart because she had Coffee with her, and she was not afraid to tell Coffee anything. Significantly, DM confirmed that she remembered saying that previously. Defense counsel also impeached DM's trial testimony with her inconsistent, and unequivocal, preliminary examination testimony that she initially disclosed the incident to Coffee, although DM did not confirm or deny that she remembered making such a statement at the examination.

Subsequently, the prosecution called Duhart to the stand. When the prosecutor began to question her about MD's disclosure of the incident, defense counsel again objected to the foundation for her testimony under MRE 803A "in terms of the time." The trial court overruled that objection and subsequently confirmed that defense counsel had established a continuing objection to Duhart's testimony. Duhart then testified regarding MD's statements to her regarding the alleged incidents when MD was with defendant in the bathroom and when defendant touched MD in her bed.

While Duhart was on the stand, the parties further discussed the fact that the prosecution was attempting to elicit testimony from Duhart, consistent with her previous statement to the police, that was admissible under MRE 803A as corroboration of MD's account of the incident. However, there was no other discussion between the trial court and the parties regarding whether MD's disclosure to Duhart was MD's *first* corroborative statement about the incident, such that Duhart's testimony was admissible under MRE 803A. Likewise, at no point before or during Duhart's testimony did the trial court specifically consider whether all of the foundational elements of MRE 803A had been met, despite defense counsel's argument that the statement was inadmissible based on MD's testimony at the preliminary examination that she first told Coffee about the incidents.[3]

Given the conflicting evidence in the record and defense counsel's objection thereto, the trial court should have made a preliminary factual finding on whether DM's disclosure to Duhart was her first corroborative statement before allowing Duhart's hearsay testimony before the jury. See *Hendrickson*, 459 Mich at 241-242. Pursuant to MRE 104(a), it was the role of the trial court to consider this preliminary question and determine, by a preponderance of the evidence, whether MD's statement to Duhart was the first corroborative statement following the alleged incidents. See *Hendrickson*, 459 Mich at 241-242. By not doing so, the trial court abused its

excluded before MD contradicted her preliminary examination testimony at trial by indicating that she first told Duhart about the incident.

Notably, MRE 104(c) provides, "Hearings on other preliminary matters shall be so conducted [outside the presence of the jury] when the interests of justice require . . . ." If the trial court believed that there was insufficient evidence for it to make a preliminary determination on the admissibility of Duhart's testimony under MRE 803A, it had an obligation to conduct a hearing on this issue outside the presence of the jury. See MRE 104(a), (c).

[3] Notably, Duhart testified at trial that DM never mentioned that she first told Coffee about the offenses, and stated that Coffee was not present when DM disclosed the sexual acts to Duhart.

discretion when it admitted Duhart's testimony without first deciding the preliminary questions to establish whether the evidence met the foundational elements of MRE 803A. See MRE 104; *Hendrickson*, 459 Mich at 241-242; *Mardlin*, 487 Mich at 614; *Orr*, 275 Mich App at 588-589.

Unlike the majority, I cannot conclude that the trial court's erroneous admission of Duhart's testimony under MRE 803A did not affect the outcome of the trial. See *Burns*, 494 Mich at 110; *People v Gursky*, 486 Mich 596, 619-621; 786 NW2d 579 (2010). As noted, a preserved evidentiary error only warrants reversal if it "affirmatively appear[s] that it is more probable than not that the error was outcome determinative," *Burns*, 494 Mich at 110 (quotation marks and citation omitted), meaning "that it undermined the reliability of the verdict," *Douglas*, 496 Mich at 566 (quotation marks and citation omitted). In making this inquiry, we must "consider the nature of the error in light of the weight and strength of the untainted evidence." *Id.* at 579 (quotation marks and citation omitted).

Addressing a similar error, the *Douglas* Court found that the trial court's improper admission of a child's second corroborative statement required reversal. *Id.* The Court quoted *Gursky*, 486 Mich at 620-621, which explained:

> In a trial where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant, hearsay evidence may tip the scales against the defendant, which means that the error is more harmful. This may be even more likely when the hearsay statement was made by a young child, as opposed to an older child or adult. [*Douglas*, 496 Mich at 578 (quotation marks omitted).]

Similarly, the Supreme Court recognized that the case before it "presented the jury with a pure credibility contest," as there were no third-party eyewitnesses to the alleged sexual abuse and no physical evidence of it. *Id.* at 580. The credibility of the minor complainant was an indispensable component of the prosecution's case. *Id.* The Court, recognizing this, went on to acknowledge "that where a hearsay statement is not offered and argued as substantive proof of guilt, but rather offered merely to corroborate the child's testimony, it is more likely that the error will be harmless, and that [w]here the declarant himself testifies and is subject to cross-examination, the hearsay testimony is of less importance and less prejudicial." *Id.* at 580-581 (quotation marks omitted; alteration in original), quoting *Gursky*, 486 Mich at 620-621. But it noted:

> As we also cautioned in *Gursky,* however, the fact that the statement [is] cumulative, standing alone, does not automatically result in a finding of harmless error, but is only one consideration to be accounted for when evaluating the prejudicial effect of the erroneously admitted hearsay. Thus, such cumulative hearsay testimony is more likely to be harmless where, unlike here, there is other evidence to corroborate the allegations beyond the declarant's statements; meanwhile, the likelihood of harm may only increase where, as here, the declarant was a young child and the case was a pure credibility contest. [*Douglas*, 496 Mich at 581 (quotation marks and citations omitted; alteration in original), quoting *Gursky*, at 620-621.]

Considering the other evidence admitted at trial, the Court concluded that the inadmissible hearsay evidence did not constitute harmless cumulative testimony and was, instead, outcome determinative. *Douglas*, 496 Mich at 580-583.

Similarly, here, the nature of the prosecution's case against defendant was nearly identical to that in *Douglas*. In fact, the prosecution underscored the importance of MD's credibility in its closing argument, stating, "[A]t the heart of your deliberations will be a decision about whether or not you believe [MD], whether or not what she told you was the truth." There was no physical evidence presented to corroborate MD's allegations. The police failed to investigate other witnesses who may have had knowledge about the incident and failed to even attempt to obtain the video described by MD to verify the accuracy of her description. Defendant—the only other witness to the alleged events, as described by MD—denied the truth of her allegations in his written statement to the police. In light of all of this, most significantly, MD's credibility was damaged by the multiple inconsistencies between her trial testimony and earlier testimony.

To conclude, it is more probable than not that the improper admission of Duhart's hearsay testimony tipped the credibility contest in MD's favor and was outcome determinative. As a result, defendant is entitled to a new trial,[4] see *Burns*, 494 Mich at 110, and I dissent from the majority.

However, in all other respects, I join the majority's opinion.

/s/ Michael J. Riordan

---

[4] If we had granted defendant a new trial, I would have emphasized that, if the prosecution again seeks admission of Duhart's testimony under MRE 803A, the trial court is required to determine that the foundational elements of MRE 803A are met before the evidence is presented to the jury.