# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 6, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

149472

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

        SC: 149472
        COA: 313708
        Macomb CC: 2012-001750-FH

ERIC MICHAEL CHELMICKI,
        Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the April 24, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*concurring in part and dissenting in part*).

I concur in the order denying leave to appeal, except as to one issue raised in defendant's application. In particular, I agree with defendant that the Court of Appeals erred by affirming the trial court's decision to admit statements contained in the victim's written police statement under the present sense impression exception to the hearsay rule. I believe that the Court of Appeals has improperly expanded the present sense impression exception in a manner that is not supported by Michigan law and is inconsistent with the rationale underlying the exception. However, because the statements at issue were properly admitted as recorded recollections, I would vacate the portion of the Court of Appeals' opinion discussing present sense impressions and otherwise deny leave.

## I. FACTUAL SUMMARY AND PROCEDURAL HISTORY

This case arises from a domestic violence incident between two intoxicated individuals at their apartment. The assault ended right before the police kicked down the door. After the police officers entered the apartment, they discovered that defendant had escaped through a bedroom window. The police officers then left the victim alone in the apartment to pursue defendant, whom they eventually found nearby. After the police officers arrested defendant and secured him in a patrol car, one officer sat with defendant for approximately 15 to 20 minutes while another went to the police station to get a camera. When the police officer returned with the camera, the other officer went into the apartment to have the victim and her neighbor handwrite statements. While the victim wrote her statement, she was engaged in a conversation with her neighbor, complaining about defendant. The victim's statement contained a description of the incident, including statements made by defendant.

Due to her intoxicated state during the incident, the victim had limited memory of the incident at trial. Therefore, the trial court admitted various hearsay statements contained in the victim's police statement as present sense impressions[1] and recorded recollections.[2]

Defendant appealed his resulting convictions of domestic violence and unlawful imprisonment. The Court of Appeals affirmed, holding that the statements were properly admitted under both hearsay exceptions.[3] Regarding the issue of substantial contemporaneity, which is required for the statements to be admissible as present sense impressions, the Court stated:

> [T]he statement was made at a time "substantially contemporaneous" with the event, as the evidence showed, at most, a lapse of 15 minutes between the time police entered the apartment and the time the victim wrote the statement. MRE 803(1) "recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable." [*People v*] *Hendrickson*, 459 Mich [229, 236 (1998)] (opinion by KELLY, J.) (noting an instance in which a 16-minute interval was held to satisfy the "substantially contemporaneous" requirement).[4]

## II. LEGAL ANALYSIS

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[5] "Hearsay is generally prohibited and may only be admitted at trial if provided for in an exception to the hearsay rule."[6] The rule against the admission of hearsay evidence is deeply rooted in our common law.[7] Hearsay is considered unreliable evidence because it

---

[1] MRE 803(1).

[2] MRE 803(5).

[3] *People v Chelmicki*, 305 Mich App 58, 63 (2014).

[4] *Id*.

[5] MRE 801(c).

[6] *People v Gursky*, 486 Mich 596, 606 (2010), citing MRE 802.

[7] 5 Wigmore, Evidence (Chadborn rev), § 1364, p 28 (stating that by the beginning of the 1700s, the rule against hearsay achieved "general and settled acceptance . . . as a fundamental part of [Anglo-American] law"). Despite its deeply rooted tradition, the hearsay rule has received much criticism in recent decades, and some commentators argue that the rule should be replaced entirely or drastically reduced, as it has been in most common law jurisdictions outside the United States. See, e.g., Sklansky, *Hearsay's Last Hurrah*, 2009 Sup Ct Rev 1, 1-2 (2009).

is not subject to traditional testimonial safeguards and poses four main risks: (1) the declarant's flawed perception; (2) defects in the declarant's memory; (3) miscommunication, stemming from either the declarant misspeaking or the witness misunderstanding; and (4) a lack of sincerity or veracity in the declarant's statement.[8] Excluding hearsay evidence minimizes these risks because witnesses are instead required to testify under oath, subject to cross-examination, in the presence of the jury so it can observe the witnesses' demeanor.[9]

In this case, the statements contained in the victim's written police statement are hearsay because they are out-of-court statements used to prove the truth of the matter asserted, i.e., that the events described and the admissions made by defendant occurred as described in the statement. I agree with the Court of Appeals that the trial court did not abuse its discretion by admitting the statements as recorded recollections.[10] However, for the reasons below, I believe that the Court of Appeals erred by holding that the statements were admissible as present sense impressions.

Under MRE 803(1), a present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." A present sense impression has been deemed "reliable enough to warrant an exception to the hearsay rule" because it eliminates (or substantially alleviates) two of the dangers posed by hearsay: insincerity and memory loss.[11] To be admissible as a present sense impression, hearsay evidence must satisfy three conditions: "(1) the statement must provide an explanation or description of the perceived event, (2) the declarant must personally perceive the event, and (3) the

---

[8] Graham & Graham, Federal Practice & Procedure, Evidence (1st ed), § 6324.

[9] 2 McCormick, Evidence (7th ed), § 245, p 179-181.

[10] The recorded recollection exception, MRE 803(5), allows for the admission of hearsay evidence when the following three requirements are met:

> (1) The document must pertain to matters about which the declarant once had knowledge; (2) [t]he declarant must now have an insufficient recollection as to such matters; [and] (3) [t]he document must be shown to have been made by the declarant or, if made by one other than the declarant, to have been examined by the declarant and shown to accurately reflect the declarant's knowledge when the matters were fresh in his memory. [*People v Dinardo*, 290 Mich App 280, 293 (2010) (quotation marks and citation omitted) (alterations in original).]

[11] McFarland, *Present Sense Impressions Cannot Live in the Past*, 28 Fla St U L Rev 907, 914 (2001) ("While dangers of misperception and mistransmission remain, the dangers of memory loss and insincerity are eliminated or greatly reduced.").

explanation or description must be 'substantially contemporaneous' with the event."[12] The statements at issue in this case meet the first two conditions because the victim's statements provided a description of the domestic violence and, as the victim of the assault, she personally perceived the event. Only the third requirement—substantial contemporaneity—is at issue in this case.

Although present sense impressions are deemed reliable because they eliminate or substantially alleviate the hearsay dangers of insincerity and memory loss, these dangers only dissipate if the statement is "made while the declarant was perceiving the event or condition, or *immediately thereafter*."[13] And while the present sense impression exception " 'recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable,' "[14] a close reading of the holdings in this area of the law reveals that Michigan courts have adhered to a limited view of the phrase "immediately thereafter."

Recognizing the importance of substantial contemporaneity, in *Hewitt v Grand Trunk W R Co*, the Court of Appeals stated that "[t]he purpose and intent of [the present sense impression exception] can be served most effectively by limiting the scope of that exception to statements made while describing the event or condition or *instantly thereafter*."[15] Applying this rule, the Court excluded statements made to a police officer "at least several, and possibly as many as 30, minutes" after the incident.[16]

---

[12] *People v Hendrickson*, 459 Mich 229, 236 (1998) (opinion by KELLY, J.).

[13] MRE 803(1) (emphasis added).

[14] *Hendrickson*, 459 Mich at 236, quoting FRE 803(1), advisory committee note.

[15] *Hewitt v Grand Trunk W R Co*, 123 Mich App 309, 317-318 (1983) (emphasis added), citing FRE 803(1), advisory committee note, and *United States v Narciso*, 446 F Supp 252, 288 (ED Mich, 1977). This interpretation has the added benefit of being consistent with the plain meaning of the relevant phrase "or immediately thereafter." See *Craig v Oakwood Hosp*, 471 Mich 67, 78 (2004) (stating that, as with statutes, rules of evidence are interpreted according to their plain meaning). "Thereafter" simply means "after that." *Merriam-Webster Dictionary* <http://merriam-webster.com/dictionary/thereafter> (accessed February 3, 2015) [http://perma.cc/5RDD-D4AR]. In the temporal context, "immediately" means "without interval of time: STRAIGHTWAY . . . ." *Merriam-Webster Dictionary* <http://merriam-webster.com/dictionary/> (accessed February 3, 2015) [http://perma.cc/AM37-YUGM]. Thus, the rule encompasses statements "made while the declarant was perceiving the event," or statements made "immediately thereafter"—i.e., statements made without an interval of time after the declarant perceived the event.

[16] *Hewitt*, 123 Mich App at 317.

Two years later, the Court of Appeals began to equivocate on the meaning of "immediately thereafter." For example, in *Johnson v White*, the Court of Appeals initially held that "immediately thereafter" does not mean "instantly thereafter" and affirmed the trial court's admission of a statement made "sometime between less than a minute, or as long as four minutes, after the accident occurred."[17] On remand, the Court changed course and reapplied the *Hewitt* panel's more restrictive interpretation of "immediately thereafter" to hold that the statement, made several minutes after the perceived event, was not admissible as a present sense impression.[18] On further appeal, this Court affirmed the first Court of Appeals' holding, stating that *Hewitt* took a "restrictive view of the phrase 'immediately thereafter . . . .' "[19] But this Court distinguished *Hewitt* because, in the *Johnson* case, the testimony "indicated that the time frame could have been less than four minutes, [and therefore] the trial court could properly find, after hearing and observing the witness, that the declarant's statement was made immediately after he perceived the accident."[20] Notably, however, we did not overrule *Hewitt* or indicate that it incorrectly stated the law.

This Court revisited this area of the law 10 years later in *People v Hendrickson*, which involved a 911 call placed by the victim just after an assault had taken place.[21] Although it had previously been recognized by the Court of Appeals in *Hewitt*, this Court for the first time adopted the "substantial contemporaneity" test,[22] citing two passages

---

[17] *Johnson v White*, 144 Mich App 458, 468-469 (1985); see also *Duke v American Olean Tile Co*, 155 Mich App 555, 570-571 (1986) (holding that a statement made approximately three minutes after the perceived event qualified as a present sense impression, citing *Johnson* and noting that "the phrase 'immediately thereafter' is not synonymous with 'instantly thereafter' ").

[18] *Johnson v White (On Remand)*, 154 Mich App 425, 429 (1986), citing *Johnson*, 144 Mich App at 471-474 (M. J. KELLY, J., concurring).

[19] *Johnson v White*, 430 Mich 47, 57 (1988). Note that the *Hewitt* Court acknowledged that its interpretation could be viewed as "unduly restrictive," but it opined that "a more expansive interpretation would only serve to further blur the distinction between the 'present sense impression' exception and the 'excited utterance' exception . . . ." *Hewitt*, 123 Mich App at 317.

[20] *Johnson*, 430 Mich at 57.

[21] *Hendrickson*, 459 Mich at 234 (opinion by KELLY, J.).

[22] *Id*. at 236 ("The admission of hearsay evidence as a present sense impression requires satisfaction of three conditions: (1) the statement must provide an explanation or description of the perceived event, (2) the declarant must personally perceive the event, and (3) the explanation or description must be '*substantially contemporaneous*' with the event.") (citations omitted) (emphasis added).

from the advisory committee notes to FRE 803(1).[23]  First, *Hendrickson* observed that "[t]he principle underlying [the present sense impression] exclusion is that the 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.' "[24]  However, it also explained that "the exception 'recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable.' "[25]  Next, citing *Johnson v White*, this Court observed that "[c]onsistent with this analysis, we have concluded that a four-minute interval between the perceived event and a declarant's statement satisfied the 'immediately after' condition."[26]  It then noted that in *United States v Mejia-Velez*, "a New York federal district court found that sixteen minutes between the perceived event and the statement satisfied the 'substantially contemporaneous' condition."[27] *Hendrickson* then stated that the contemporaneity requirement was satisfied given that "the 911 recorded victim's statement was that the beating *had just taken place*; the defendant was in the process of leaving the house as the victim spoke."[28]

In this case, the Court of Appeals concluded that "a lapse of 15 minutes between the time police entered the apartment and the time the victim wrote the statement" was contemporaneous enough for the statements to be admitted as present sense impressions.[29]  However, I believe the Court of Appeals' holding is erroneous for the following reasons.

First, the Court of Appeals' conclusion is inconsistent with the limited scope of the exception recognized under prior Michigan law.  Before the Court of Appeals' decision in this case, no published opinion from the Court of Appeals or this Court had allowed a statement made more than, at most, four minutes after a perceived event to be admitted as a present sense impression.[30]

---

[23] *Id.* at 235-236.  Because the "Michigan Rules of Evidence were based on the Federal Rules of Evidence," *People v Kreiner*, 415 Mich 372, 378 (1982), and the wording of MRE 803(1) is nearly identical to its federal counterpart, the advisory committee notes and federal cases and commentary can be persuasive authority in interpreting the Michigan Rules of Evidence.  See *People v Katt*, 468 Mich 272, 280 (2003).

[24] *Hendrickson*, 459 Mich at 235, quoting FRE 803(1), advisory committee note.

[25] *Hendrickson*, 459 Mich at 236, citing FRE 803(1), advisory committee note.

[26] *Hendrickson*, 459 Mich at 236, citing *Johnson*, 430 Mich at 56.

[27] *Hendrickson*, 459 Mich at 236-237, citing *United States v Mejia-Velez*, 855 F Supp 607 (ED NY, 1994).

[28] *Hendrickson*, 459 Mich at 237 (emphasis added).

[29] *Chelmicki*, 305 Mich App at 63.

[30] In *Hendrickson*, this Court read *Johnson* as "conclud[ing] that a four-minute interval . . . satisfied the 'immediately after' condition." *Hendrickson*, 459 Mich at 236.

Second, in reaching its conclusion, the Court of Appeals gave only cursory treatment to the issue and relied on multiple layers of dicta. The only authority cited in support of the Court of Appeals' decision was *Hendrickson*'s citation to *Mejia-Velez*. But the rationale for *Hendrickson*'s citation to that case is unclear since *Hendrickson* concluded that the contemporaneity requirement was satisfied given that "the 911 recorded victim's statement was that the beating *had just taken place* . . . ."[31] Thus, the citation to *Mejia-Velez* was plainly dicta, given that contemporaneity was not actually at issue in *Hendrickson*[32] and, even if it had been, there really was no question regarding contemporaneity since the victim's statement occurred just after the event took place.

Finally, the Court of Appeals' conclusion is completely at odds with the rationale that justifies the exception in the first place. The rationale underlying the present sense impression has been described as follows:

> "Underlying [FRE] 803(1) is the assumption that statements of perception substantially contemporaneous with an event are highly trustworthy because: (1) the statement being simultaneous with the event there is no memory problem; (2) there is little or nor [sic] time for calculated

---

However, this is an imprecise reading of *Johnson*. In *Johnson*, we distinguished *Hewitt* (which, as noted, excluded statements made "at least several, and possibly as much as thirty, minutes" after the incident) because in *Johnson*, the testimony "indicated that the time frame *could have been less than four minutes*, [and therefore] the trial court could properly find, after hearing and observing the witness, that the declarant's statement was made *immediately after* he perceived the accident." *Johnson*, 430 Mich at 57 (emphasis added). Thus, far from establishing four minutes as any sort of bright-line rule, *Johnson* stands for the unremarkable proposition that while a statement made more than several minutes after an incident may not satisfy the "immediately after" requirement, when the time frame is delimited as "less than four minutes," it is possible for a trial judge to conclude that the statement was made "immediately after" the declarant perceived the event. Regardless, even assuming arguendo that *Johnson* created a general rule that statements made four minutes after an event are admissible as present sense impressions, that rule would not justify the *15-minute* interval allowed in this case.

[31] *Hendrickson*, 459 Mich at 237 (emphasis added).

[32] The primary issue in *Hendrickson* was whether independent evidence of the underlying event was required before admitting a statement as a present sense impression. *Id*. at 238. Ironically, the legal principle from *Mejia-Velez* that *Hendrickson* referred to was itself arguably dicta since the federal court provided an alternative basis for admission of the statement. See *Mejia-Velez*, 855 F Supp at 614 (stating that even if the statements at issue were not admissible under the present sense impression exception, they were still admissible as excited utterances).

misstatement; and (3) the statement is usually made to one who has equal opportunity to observe and check misstatements."[33]

Applying these factors to this case shows that the statements at issue do not possess sufficient indicia of trustworthiness to justify their admission.

With regard to the first factor, the lapse in time between the perceived event and the victim's statements was of sufficient duration to raise concerns about the accuracy of the victim's memory. In this case, the victim did not write her statements while she was perceiving the event, or even "immediately" after the violence ended. Rather, a series of events occurred between the perceived event and the victim's statement: the police entered the apartment; a search ensued; defendant was located, arrested, and secured in the patrol car; and then an officer waited with defendant for 15 to 20 minutes in the patrol car before finally obtaining the victim's statement. Therefore, although the precise timeline is unclear, the record indicates that the lapse in time between the perceived event and the victim's statement was *at least* 15 minutes, which is more than enough time to raise doubts about the victim's memory.[34] Moreover, when she wrote the requested

_____

[33] *Narciso*, 446 F Supp at 288, quoting 5 Weinstein & Berger, Evidence, ¶ 803(1)[01] (1975). In *Hendrickson*, this Court stated these factors in a slightly different manner: "(1) the simultaneous event and description leave no time for reflection, (2) the likelihood for calculated misstatements is minimized, and (3) generally, the statement is made in the presence of another witness who has the opportunity to observe and verify its accuracy." *Hendrickson*, 459 Mich at 235, citing *Narciso*, 446 F Supp at 288, and *People v Brown*, 80 NY2d 729, 732-733 (1993). However, I believe that *Narciso* presents a more accurate description of the considerations underlying the exception. When determining whether a statement is admissible as a present sense impression, "the appropriate inquiry is whether sufficient time elapsed to have permitted reflective thought." McCormick, § 271, p 362. But reflective thought affects both the declarant's memory on a subconscious level and the declarant's ability to fabricate on a conscious level. See *Duke*, 155 Mich App at 570 (explaining that a statement made three minutes after a perceived event "was made soon enough after the event and under circumstances which negate the likelihood of memory problems and calculated distortions of the event"); *State v Tucker*, 205 Ariz 157, 165-166 (Ariz, 2003) ("The more time that elapses between the event and the statement, the stronger the possibility that a declarant will attempt, either consciously or subconsciously, to alter his or her description of the event."). Thus, the lack of opportunity to engage in reflective thought protects against both lapses in memory and calculated misstatements, which are the first two trustworthiness factors articulated in *Narciso*. For these reasons, I will use the *Narciso* factors to analyze the statements at issue in this case.

[34] *Present Sense Impressions*, 28 Fla St U L Rev at 914 (noting that "[p]eople, including testifying witnesses and hearsay declarants, forget quickly").

statement, the victim and her neighbor were complaining about defendant. The fact that the victim was engaged in a conversation with another person about defendant while she wrote her statement further undermines the trustworthiness of the victim's statement.[35]

As to the second factor, the lapse in time between the perceived event and the victim's statements left ample time for calculated misstatements. In this case, the victim was left alone in her apartment for at least 15 minutes, which provided her ample opportunity to engage in reflective thought about what she was going to say to the police officers. In addition, the victim's statements were not made spontaneously—instead, they were made at the request of the police.[36] But statements solicited by the police are far from the impulsive, unpremeditated statements contemplated by the present sense impression exception; rather, those statements are, by their very nature, deliberate and reflective.[37] "A declarant who . . . provides statements for a particular reason"—here for a police investigation—"creates the possibility that the statements are not contemporaneous, and, more likely, are calculated interpretations of events rather than near simultaneous perceptions."[38] Because the victim's statements here were made at the

---

[35] *Id*. at 915 (noting that " '[i]nformation presented after an event can change a person's report of that event' ") (citation omitted); see also *Davis v State*, 133 P3d 719, 728-729 (Alas App, 2006) (concluding that a statement made to police officers 5 to 10 minutes after an accident was not admissible as a present sense impression when, among other things, the declarant had engaged in conversations with other eyewitnesses).

[36] See FRE 803(1), advisory committee note (stating that "[s]pontaneity is the key factor" in determining whether a statement is admissible as a present sense impression); see also *United States v Boyce*, 742 F3d 792, 797-798 (CA 7, 2014) (observing that "answering questions rather than giving a spontaneous narration could increase the chances that the statements were made with calculated narration").

[37] Compare *Edwards v State*, 736 So 2d 475, 478-479 (Miss App, 1999) ("For a witness to give a response to an officer's question is by definition not 'spontaneous,' no matter how soon it is made after the event that is the focus of the questioning."), and *United States v Green*, 556 F3d 151, 157 (CA 3, 2009) (holding that a statement was disqualified as a present sense impression due to a 50-minute lapse in time and after the declarant had been questioned by officials, which "affirmatively indicate[d] that [the declarant] made his statement after he was expressly asked to reflect upon the events in question"), with *People v Cross*, 202 Mich App 138, 141-142 (1993) (admitting a statement made to a police officer as a present sense impression when the interval between the event and the statement was less than a minute and the statement was "unsolicited").

[38] *United States v Woods*, 301 F3d 556, 562 (CA 7, 2002) (holding that "narrative statements . . . clearly addressed to the FBI agents listening in via the microphone" were not present sense impressions because "[t]hese statement were made for the benefit of the agents—*i.e.*, were calculated and provided for a reason"); see also *Consol Environmental Mgt, Inc—Nucor Steel Louisiana v Zen-Noh Grain Corp*, 981 F Supp 2d 523, 531 (ED

request of police, the statements were more likely to have been purposeful and the product of reflective thought, which further undermines their trustworthiness.

The third factor also weighs against admission because the statements were not made in the presence of a third party who also observed the event and could verify their accuracy. Rather, the victim provided her statement to a police officer who was not present during the incident. During the assault, the victim's neighbor heard noises indicating that a fight was occurring and was told by the victim that defendant had turned on the gas stove to blow up the apartment complex; however, the neighbor was not an eyewitness to the assault and could not verify the details of the assault that were contained in the victim's statements. Therefore, neither the police officer nor the neighbor had an independent basis to verify the veracity of the victim's statements, which also undermines the trustworthiness of her statements.[39]

## III. CONCLUSION

The Court of Appeals erred by concluding that the victim's written statement provided to a police officer 15 to 20 minutes after the event was properly admitted as a present sense impression. Prior Michigan law does not support such an expansive interpretation. Nor does the Court of Appeals' conclusion square with the rationale behind the rule, i.e., that the substantial contemporaneity of the statement with the

---

La, 2013) ("When a statement is made for a specific purpose such as litigation, it lacks the indicia of reliability that motivate the rule.").

[39] See *People v Bowman*, 254 Mich App 142, 145 (2002) (holding that a statement was not admissible as a present sense impression because, among other things, it was made "in a separate conversation with someone not present during the first conversation"); *Hewitt*, 123 Mich App at 317 (holding that the present sense impression exception did not apply because, among other things, the statement was made to a police officer who could not corroborate the truth of the statement because he was not present during the incident).

perceived event provides the requisite guarantees of trustworthiness to justify a departure from the general rule excluding hearsay.

For these reasons, I would hold that the victim's statements were not admissible as present sense impressions because they were not substantially contemporaneous with the perceived event. But because the statements were admissible on an alternative ground as recorded recollections, I would simply vacate the portion of the Court of Appeals' opinion discussing present sense impressions and otherwise deny leave to appeal.

MCCORMACK, J., joins the statement of VIVIANO, J.

BERNSTEIN, J., took no part in the disposition of this matter, which the Court considered before he assumed office and in which his vote would not be result-determinative, in order to avoid unnecessary delay to the parties.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 6, 2015



Clerk

s0203